UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION


IN RE:

CHARLOTTE ANN DRAPER
DANNY RICHARD DRAPER

DEBTORS                                              CASE NO. 05-70465


ROBIN BROWNING BROCK, TRUSTEE                        PLAINTIFF


VS.                                                  ADV. NO. 05-7169


LINDSEY DIAN DRAPER                                  DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court on the Trustee's Motion for Summary Judgment.  She states that she seeks to avoid a transfer by the Debtors to the Defendant pursuant to Bankruptcy Code section 547.  Section 547 deals with preferential transfers for the benefit of creditors, however, and the court will treat the action as one under section 548, as a fraudulent conveyance.  The court has jurisdiction of this matter pursuant to Judicial Code section 1334(a); it is core proceeding pursuant to Judicial Code section 157(b)(2)(H).

   1.   <u>Factual and procedural background</u>

On March 17, 2004, the Debtors transferred to the Defendant, their daughter, a remainder interest in fee in their home and real property in Pike County, Kentucky, for no consideration.  They reserved a life estate for themselves, and set out in the deed of transfer the estimated fair cash value of the gift at $27,000.00.  The

1

Debtors filed their Chapter 7 petition in this court on May 19, 2005. On January 3, 2006, after the Trustee had filed the within Complaint, the Defendant executed a deed conveying the remainder interest in the subject property back to the Debtors. On the same date, the Debtors filed an Amended Schedule C, claiming the value of the Debtors' retained life estate in the property to be $27,000.00 and asserting a homestead exemption on that interest. The Trustee objected to the claim of exemption, but on January 24, 2006, the court entered an order allowing the Debtors an exemption in their life estate interest in the property.[1]

According to Schedule D - Creditors Holding Secured Claims, filed with the Debtors' petition, there is no mortgage or other lien on the property. Schedule F - Creditors Holding Unsecured Nonpriority Claims, shows claims in the total amount of $77,252.53, all of which is credit card debt.

    2.    Discussion

        A.    The summary judgment standard

Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, provides that summary judgment is appropriate and "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a

---

[1] The Order recites that the "[d]ebtors are allowed to claim an exemption under 11 U.S.C. 522(2)(1) in the amount of their life estate interest in the subject property only; . . . ." The Bankruptcy Code provision that should have been cited is section 522(b)(2), which allows a debtor to claim exemptions provided for in state law. In this instance, the Debtors may claim their homestead exemption to the extent allowed in KRS 427.060.

judgment as a matter of law." The Supreme Court has observed that

> this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-248, 106 S. Ct. 2505, 2510 (1986)(emphasis in original).

The summary judgment standard is set out in *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

The Sixth Circuit has opined that "[r]ead together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).

   B.   Fraudulent transfer pursuant to Bankruptcy Code section 548

The Trustee's Motion for Summary Judgment raises the issue of whether the Debtors' transfer of the remainder interest to the Defendant was fraudulent pursuant to Bankruptcy Code section 548(a)(1)(B) which provides:

3

> The trustee may avoid any transfer of an interest of the
> debtor in property, or any obligation incurred by the
> debtor, that was made or incurred on or within one year
> before the date of the filing of the petition, if the debtor
> voluntarily or involuntarily--
>     (B)(i) received less than a reasonably equivalent
>     value in exchange for such transfer or
>     obligation; and
>     (ii)(I) was insolvent on the date that such
>     transfer was made or such obligation was
>     incurred, or became insolvent as a result of such
>     transfer or obligation . . . .

11 U.S.C. § 548(a)(1)(B). The subject transfer took place outside the one year avoidance period, but the trustee may invoke state fraudulent conveyance law under section 544(b) which provides at paragraph (1):

> Except as provided in paragraph (2), the trustee may avoid
> any transfer of an interest of the debtor in property or any
> obligation incurred by the debtor that is voidable under
> applicable law by a creditor holding an unsecured claim that
> is allowable under section 502 of this title or that is not
> allowable only under section 502(e) of this title.

11 U.S.C. § 544(b)(1). Such a creditor exists as shown in the Debtors' schedules. An action to set aside a conveyance as fraudulent to creditors may be brought pursuant to KRS 378.020 which provides that "[e]very gift, conveyance, assignment, transfer or charge made by a debtor, of or upon his estate without valuable consideration therefor, shall be void as to all his then existing creditors[.]" KRS 378.020. Such an action is not barred until five years from the time the cause of action accrued or ten years from the time the fraud was perpetrated. *Morgan v. Hibbard, Spencer, Bartlett & Co.*, 184 S.W.2d 218, 220, Ky. (1944). The burden is on the trustee to prove a fraudulent conveyance by a preponderance of the evidence. *Bohm v. Dolata (In re Dolata)*, 306 B.R. 97, 117 (Bankr. W.D. Pa. 2004).

In looking to applicable Kentucky law concerning fraudulent transfers the court finds that certain "badges of fraud" are present

in this case, including inadequate consideration, the grantor's retained possession of property, and transfer of property between close family members. *Bank of Josephine v. Hopson*, 516 S.W.2d 339 (1974).

Other "badges of fraud" include, *inter alia*, fictitiousness of consideration and false statements, concealment or failure to record, insolvency of the grantor, the transfer of all of the debtor's property when he is financially embarrassed or insolvent, and failure of the parties to testify. *Magic City Coal & Feed Co. v. Lewis*, 175 S.W. 992, Ky. (1915). The existence of "badges of fraud" creates an inference that the transfer is void as to creditors, *Gallagher v. Ping's Trustee*, 87 S.W.2d 130, Ky. (1935), and places the burden upon the transferees to prove that the transfers were made for valid consideration and in good faith. *Griggs v. Crane's Trustee*, 200 S.W. 317, Ky. (1918). The existence of "badges of fraud" renders the transfers of the subject property avoidable under KRS 378.020.

In this instance the Trustee may therefore avoid and recover the transfer of the remainder interest to the Defendant, her conveyance of the subject property back to the Debtors nothwithstanding. The transfer of the remainder took place within the allowable avoidance period, and the Debtors received less than reasonably equivalent value for the remainder. The Defendant's transfer back to the Debtors has been held not to be a remedy to constructive fraud, as the trustee may recover either from the Defendant as "initial transferee," or from the Debtors as the "immediate . . . transferee[s] of [the] initial transferee." 11 U.S.C. § 550(a)(1)(2). *See Mahaffey v. Sigmon (In re Mahaffey)*, 91 F.3d 131 (Table), 1996 WL 383922 (4th Cir. 1996). After

conducting research on this point and finding no binding authority to the contrary, the court agrees with the position taken by the *Mahaffey* court. An order in conformity with this opinion will be entered separately.

Copies to:

Carole M. Friend, Esq.
Thomas W. Goodman, Jr., Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:
<u>*William S. Howard*</u>
Bankruptcy Judge
Dated: Friday, April 07, 2006
(wsh)**